FILED

May 5, 2026

TN COURT OF
WORKERS' COMPENSATION
CLAIM

12:38 PM (CT)



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| **RICARDO HERNANDEZ,**<br>**Employee**,<br><br>v.<br><br>**CARLOS LOPEZ d/b/a**<br>**EMMANUEL TREE SERVICE,**<br>**Employer.** | **Docket No. 2024-50-4163**<br><br><br>**State File No. 860277-2024**<br><br><br>**Judge Joshua D. Baker** |

## COMPENSATION ORDER

At an April 28, 2026 compensation hearing, Mr. Hernandez sought workers' compensation benefits for an injury from a chainsaw accident. For the reasons below, the Court holds he is entitled to temporary disability, permanent partial disability, and medical benefits.

### Claim History

Mr. Hernandez worked for Emmanuel Tree Service, which is owned by Carlos Lopez and his son, Carlos Lopez Jr. On August 21, 2023, Mr. Hernandez's right hand was injured in a chainsaw accident.

At the hospital, hand surgeon Dr. Todd Rubin repaired a fracture and finger lacerations on Mr. Hernandez's right hand that were severe enough to require partial amputation of some fingers.

Dr. Rubin restricted Mr. Hernandez from working from August 22 until October 19, 2023. He then imposed work restrictions from October 19 until November 30 of that same year, when he released him to full duty. Finally, Dr. Rubin placed Mr. Hernandez at maximum recovery on June 9, 2025.

1

Mr. Hernandez acknowledged that Emmanuel Tree Service paid all his medical bills and paid him $591 per week—$5,910 total—for ten weeks while he was temporarily disabled.

Mr. Lopez Jr. testified that his father asked Mr. Hernandez to return to work in December 2023 or January 2024 but Mr. Hernandez refused. Mr. Hernandez said Mr. Lopez told him his job would be available when he recovered but then later told him he was no longer needed.

Mr. Hernandez disputed the $605.92 average weekly wage on his wage statement as too low to accurately reflect his pay. He said his pay started at $16 per hour and then increased to $20 per hour for a 40-hour-work week before he was injured. He said he worked whenever work was available.

Dr. Rubin assigned Mr. Hernandez 4% permanent impairment, and Emmanuel Tree Service agreed with that rating.

## Findings of Fact and Conclusions of Law

Mr. Hernandez has the burden of proof on each element of his claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2023).

Mr. Hernandez's testimony that he suffered a work injury went unrefuted, and both parties accepted Dr. Rubin's opinion that the work injury caused temporary and permanent disablement.

### *Compensation Rate*

To calculate temporary and permanent partial disability, the Court must first determine Mr. Hernandez's compensation rate. Under Workers' Compensation Law, his compensation rate is "sixty-six and two-thirds percent (66⅔%) of [his] average weekly wages." *Id.* § 50-6-207. Emmanuel Tree Service's wage statement suggested an average weekly wage of $605.92, which Mr. Hernandez disputed as too low. Three of the 12 weeks in the wage statement show no earnings at all, and their inclusion lowers the average weekly wage.

Mr. Hernandez testified he worked whenever asked. Given his testimony, the Court finds he was an intermittent employee, so "the proper method of computation [is] to divide the total wages received during the year by the number of weeks in which the employee received wages." *Woodard v. Freeman Expositions, LLC*, 2020

2

TN Wrk. Comp. App. Bd. LEXIS 15, at *5 (Apr. 3, 2020).

Here, dividing the $7,271 in total wages by the nine weeks where Mr. Hernandez received wages results in $807.88 per week. Multiplying that amount by 66 2/3 percent (.6667) yields a compensation rate of $538.61.

*Temporary Disability Benefits*

Dr. Rubin stated Mr. Hernandez's work injury caused temporary total disability for eight weeks and three days, from August 22 until October 19, 2023. At the compensation rate of $538.61, these benefits total $4,539.71.

But an injured worker may also receive temporary partial disability benefits when "the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Williams v. Saturn Corp.*, No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *6 (Tenn. Workers' Comp. Panel Nov. 15, 2005).

Mr. Hernandez was temporarily partially disabled for six weeks, since Dr. Rubin assigned work restrictions from October 19 until November 30, 2023, that Emmanuel Tree Service did not accommodate. Mr. Lopez Jr. testified credibly that Mr. Hernandez was not asked to return to work until either December 2023 or January 2024. The Court also credits Mr. Lopez Jr.'s testimony that Mr. Hernandez declined to return to work. So, the Court finds Mr. Hernandez was asked to return to work on December 1, 2023, but declined. Because Emmanuel Tree Service did not accommodate Mr. Hernandez's restrictions before offering to return him to work on that date, he is owed $3,231.66 in temporary partial disability benefits.

In sum, Mr. Hernandez's award for temporary disability benefits is $7,771.37, which represents $4,539.71 in temporary total disability plus $3,231.66 in temporary partial disability benefits. However, Emmanuel Tree Service has already paid $5,910. So, only $1,861.37 is still owed to Mr. Hernandez in temporary disability benefits.

*Permanent Partial Disability Benefits*

Mr. Hernandez retained 4% permanent impairment from the accident. Therefore, he is entitled to an original award of permanent partial disability benefits of $9,694.98 (4% of 450 weeks, or 18 weeks, multiplied by the compensation rate of $538.61). *Id.* § 50-6-207(3)(A).

As for increased benefits, section 50-6-207(3)(B) states in relevant part that an employee may request them if not returned to work, and if appropriate, the injured employee's award shall be increased by multiplying the award by 1.35.

However, trial courts are to "consider all relevant factors, including the circumstances of an injured worker's ability and/or willingness to return to work in his or her disabled state and the reasonableness of the employer in attempting to return the injured employee to work." *Wright v. Tenn. CVS Pharmacy, LLC*, 2019 TN Wrk. Comp. App. Bd. LEXIS 72, at *12 (Oct. 31, 2019).

Moreover, "[u]nder no circumstances shall an employee be entitled to additional benefits when: (i) The employee's loss of employment is due to the employee's voluntary resignation" instead of his work-related disability. *Id.* § 50-6-207(3)(D)(i).

Here, Emmanuel Tree Service offered Mr. Hernandez work when he was released to full duty without permanent restrictions on December 1, 2023, but he declined. Given this, the Court denies increased benefits.

*Medical Benefits*

As for medical benefits, section 50-6-204 requires an employer to furnish medical treatment made reasonably necessary by the work accident. Emmanuel Tree Service must furnish any future work-related and reasonably necessary treatment with Dr. Rubin.

**IT IS, THEREFORE, ORDERED**:

1. Emmanuel Tree Service shall pay an additional $1,861.37 to Mr. Hernandez in temporary disability benefits and $9,694.98 in permanent partial disability benefits.

2. Emmanuel Tree Service must furnish any future work-related and reasonably necessary treatment with authorized treating physician Dr. Todd Rubin.

3. The Court taxes the $150.00 filing fee to Emmanuel Tree Service, to be paid to the Court Clerk under Tennessee Compilation Rules and Regulations 0800-02-21-.06 within five business days of this order becoming final, and for which execution might issue if necessary.

4

4. Emmanuel Tree Service shall file a Statistical Data Form (SD-2) with the Court Clerk within ten business days of the date this order becomes final.

5. Unless appealed, this order shall become final 30 days after entry.

**ENTERED May 5, 2026.**

_____
**JUDGE JOSHUA D. BAKER**
**Court of Workers' Compensation Claims**

## APPENDIX

The technical record consists of all documents filed on the TNComp electronic filing system, which the Court will consider in reaching its decision.

*Exhibits*

1. Wage Statement
2. Receipts for Two Payments to Centennial

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on May 5, 2026.

| Name | Email | Service sent to: |
|---|---|---|
| Ricardo Hernandez, Employee | X | ████████████████ |
| Alexander Wright, Kenny Veit; Employer's Attorneys | X | alexander.wright@leitnerfirm.com<br>kenny.veit@leitnerfirm.com<br>emma.terri@leitnerfirm.com |

_____
**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

6



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties
**Appellant(s)** (Requesting Party): _____  ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*